GLICKSTEIN, Judge,
concurring specially.
I write to inform the bench and bar that we have affirmed a summary final judgment in favor of a gasoline service station and its employee.
The amended complaint, as to these two defendants, contained four counts, the re *1125 maining counts being directed at other defendants. The factual heart of the cause of action arose out of the following allegations:
7. That on January 4,1984, at approximately 10:00 to 10:30 a.m., o’clock, the Defendant, STAR, sold and otherwise dispensed approximately five (5) gallons of gasoline to the Defendants, NELMS and JONES. Said gasoline, by its very nature, was an inherently hazardous, flammable liquid that foreseeably could cause substantial injury if put to improper use.
8. That the [sic] at the aforesaid time and place, the aforementioned Defendants NELMS and JONES, walked upon the property of the Star Service Station and requested that that [sic] the gasoline be sold or otherwise dispensed to them in an open, empty and uncovered five (5) gallon white, plastic bucket marked “GA” [sic] PAC READY MIX JOINT COMPOUND”.
9. That at the aforesaid time and place, the employee of the Defendant, STAR, BOYD, in the course of his employment, dispensed approximately five (5) gallons of the aforesaid gasoline into the open five (5) gallon bucket aforementioned directly from pump No. 2 at said service station.
10. That the sale and introduction into commerce of said gasoline at the aforesaid time and manner by the Defendant, STAR, by and through its agent and employee, BOYD, was illegal and directly contrary to the Fire Code of the City of West Palm Beach, Palm Beach County, Florida, and contrary to F.S.A. 501.601 [sic] 501.121, also known as the “Florida Hazardous Substances Law”.
11. At no time material to this Complaint did Defendants, NELMS and JONES approach, enter onto, or leave the business premises of the Star Service Station in or on any kind of motorized vehicle. That is to say, the aforesaid Defendants, NELMS and JONES, walked onto the premises and, after making the aforesaid gasoline purchase in an - open container, left the business premises on foot, hand carrying said bucket.
12. That at the aforesaid time and place, the Defendant, BOYD, in the course of his employment, made no inquiry of the two Defendants, NELMS and JONES, as to what use the two Defendants, NELMS and JONES, were going to make of the gasoline purchased at the service station at that date and time. The Defendant, BOYD, knew or should have known and foreseen that said sale to said Defendants, NELMS and JONES, was suspicious or out of the ordinary and that the open and notorious conduct of the two Defendants, NELMS and JONES, in purchasing the approximately five (5) gallons of hazardous, flammable liquid in an open and unapproved container would lead to the happening of a dangerous occurrence or event.
13. That the aforesaid Defendants, NELMS and JONES, hand carried the highly dangerous, hazardous and flammable gasoline liquid in an open and unapproved container on a public thoroughfare, presenting danger to themselves and the public in general and proceeded directly over the public and private property to the place of employment of the decedent, Robert W. Hansen, Jr., at 507 15th Street, West Palm Beach, Florida, a distance of approximately one (1) mile, and tossed said flammable gasoline onto the person of Robert W. Hansen, Jr., and set the gasoline afire which ultimately caused the death of Robert W. Hansen, Jr.
The defendants raised the following affirmative defense:
3. As an additional Affirmative Defense, these Defendants deny that Plaintiff has stated a cause of action and that these Defendants have no duty to the Plaintiff, [sic] further, that the acts of the individual who poured the gasoline on the individual who was burned and lit that gasoline on fire were an [sic] unexpected, unforeseeable, criminal intervening actions.